UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERMAINE JENNINGS,  **No. 6:05-CR-06128 (MAT)**
 **No. 6:16-CV-06319 (MAT)**
                    Movant,
           -vs-  **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                    Respondent.

---

**I.  Introduction**

On May 20, 2016, movant Jermaine Jennings ("Jennings"), a federal prisoner, moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and to hold the case in abeyance pending the Second Circuit Court of Appeals' authorization of a successive petition. Doc. 102. This Court ordered that the matter be held in abeyance, see doc. 105, and on August 1, 2016, the Second Circuit granted petitioner's motion to file a successive petition. Doc. 106.

Jennings' challenge to his sentence is based on Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Jennings was sentenced. The Second Circuit's order of August 1, 2016 directed that this matter be stayed pending the Supreme Court's decision in Beckles v. United States, No. 15-8544, which was

expected to decide the issue of Johnson's applicability to Guidelines cases. Beckles now having been decided, the Federal Public Defender, who has represented Jennings on his successive § 2255 motion, now moves to withdraw as counsel.

**II. Discussion**

    **A.    The Successive § 2255 Motion**

On March 6, 2017, the Supreme Court decided Beckles and held that Johnson's holding, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 894 (2017). Therefore, Jennings' motion is directly affected by the outcome of Beckles. Accordingly, the Federal Public Defender has moved to withdraw from this case and the Court hereby grants that motion.

As discussed above, Jennings was sentenced pursuant to the residual clause in the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a)(2). The Court is therefore constrained to find that, due to the holding of Beckles, Jennings' § 2255 motion has been rendered meritless and it is therefore dismissed. See United States v. Flores, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [Beckles] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied.").

**B.  Jennings' First § 2255 Motion**

Prior to moving for § 2255 relief based on Beckles, Jennings filed a first § 2255 motion which was denied on March 24, 2010 by Decision and Order of District Judge Charles J. Siragusa. Docs. 91 (Decision and Order), 96 (Motion for Reconsideration). The motion for reconsideration argued that the Court "overlooked controlling decisions and/or specific data, that if reconsidered, [would] reasonably alter the judgment previously reached by this Court." Doc. 96 at 1. The government responded to the motion on March 11, 2015. Doc. 98.

"The standard for granting [a Rule 59(e)] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving party seeks solely to relitigate an issue already decided." Id. at 257. Although Jennings' motion takes issue with the predicate convictions which qualified him for career offender status, a review of the record and Judge Siragusa's original decision on the § 2255 motion makes clear that Jennings was properly sentenced as a career offender pursuant to U.S.S.G. § 4B1.2 and his sentence was within the statutory maximum. Accordingly, Jennings' motion to reconsider is denied.

### III. Conclusion

The Federal Public Defender's motion to withdraw as counsel (doc. 107) is granted. Jennings' successive motion to vacate his sentence (doc. 102) is denied. Jennings' motion to reconsider (doc. 96) the Decision and Order denying his first § 2255 motion is denied. No certificate of appealability shall issue because Jennings has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to close Case No. 6:16-CV-06319.

**ALL OF THE ABOVE IS SO ORDERED**.

                                            **S/Michael A. Telesca**

                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:    May 22, 2017
            Rochester, New York.