UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES of AMERICA

-vs-

JERMAINE JENNINGS,

                             Defendant

_____

DECISION and ORDER

05-CR-6128-CJS-1

## INTRODUCTION

Now before the Court is a motion (ECF No. 125) by Jermaine Jennings ("Defendant") for a sentence reduction under Section 404 of the First Step Act of 2018 ("the First Step Act").   A threshold issue is whether Defendant's conviction under Count II of the Indictment, charging him with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § § 841(a)(1) & 841(b)(1)(C), is a "covered offense" under that statute.   Defendant maintains that it is, while the Government maintains that it is not.   For the reasons discussed below, the Court agrees with the Government and therefore denies Defendant's application.

## BACKGROUND

In a prior Decision and Order (ECF No. 95) the Court briefly described the underlying facts of this action as follows:

> [D]efendant was convicted by a jury of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). On the drug possession charge the Court sentenced him to 300 months of

> incarceration, and on the ammunition charge, to 120 months of incarceration to run concurrently, and a fine totaling $2,000, with a mandatory assessment of $200. Amended Judgment in a Criminal Case, Dec. 21, 2007, ECF No. 73. On December 9, 2008, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment in a summary order. *United States v. Jennings*, No. 07–5578–cr (2d Cir. Dec. 9, 2008) (filed in this case as Mandate of USCA, Mar. 25, 2009, ECF No. 86).

*United States v. Jennings*, No. 05-CR-6128-CJS, 2014 WL 2531951, at *1 (W.D.N.Y. Apr. 29, 2014).

More specifically, on November 20, 2007, the Court sentenced Defendant in accordance with the law in effect at that time.   Defendant's violation of § 841(a) involved his possession of 4.02 grams of cocaine base.   As this amount was less than 5 grams, 21 U.S.C. § 841(b)(1)(C) provided for a maximum sentence of twenty years.[1]   However, because the Government filed an information pursuant to 21 U.S.C. § 851 indicating that Defendant had a prior felony drug conviction (Criminal Sale of a Controlled Substance in the 5th Degree in violation of N.Y. Penal Law § 220.31), the statutory maximum sentence under § 841(b)(1)(C) increased to thirty years.[2]

Under the advisory Sentencing Guidelines in effect at that same time, for Defendant's conviction under 21 U.S.C. § § 841(a) & 841(b)(1)(C) his sentencing range

---

[1] Def. Motion, ECF No. 125 at p. 4 ("Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine;").

[2] Def. Motion, ECF No. 125 at p. 4 ("In addition, 21 U.S.C. § 851 permitted a doubling of the mandatory minimum and an increase in the statutory maximums for offenders who had a prior felony drug offense, specifically, increasing the ranges as follows when notice of a qualifying prior conviction was filed in advance of trial or plea: • Section 841(b)(1)(C) increased the statutory maximum of 20 years to 30 years;").

was 262 months to 327 months.   In that regard, Defendant's base offense level was 24, but two points were added for obstruction of justice, bringing that number to 26.   Further, because Defendant had previously been convicted of two crimes of violence (Armed Robbery and Assault by Means of a Dangerous Weapon in violation of Massachusetts Law and Reckless Endangerment in the First Degree, a felony, in violation of New York Penal Law § 120.25), he was a "career offender" under Guidelines § 4B1.1.B and his offense level increased to 34.   As for Defendant's conviction of possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), his adjusted offense level was 28.   However, grouping the two offenses under Guidelines § 3D1.3(a) resulted in an offense level of 34.   Defendant's criminal history category was VI, which, along with his offense level of 34, resulted in a sentencing range of 262 months to 327 months.   As already mentioned, the Court imposed a sentence of 300 months' imprisonment.

The year after Defendant was sentenced, the United States Court of Appeals for the Second Circuit decided *United States v. Gray*, 535 F.3d 128 (2d Cir. 2008) ("*Gray*"). In *Gray*, the Second Circuit held, based upon the U.S. Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008) ("*Begay*"), that "reckless endangerment does not fall within the definition of "crime of violence" because it does not involve purposeful conduct as required by [U.S. Sentencing Guidelines] § 4B1.2(a)(2)." *Gray*, 535 F.3d at 129.   Regardless of whether Defendant could have attempted to collaterally attack his sentence based on the rulings in *Gray* and *Begay*, he apparently did not do so.[3]

---

[3]  *See, Jones v. United States*, No. 3:12-CV-01371 JCH, 2015 WL 3620280, at *3 (D. Conn. June 9, 2015)

Subsequently, in 2010, the Fair Sentencing Act of 2010 became law.    As Defendant acknowledges, the Fair Sentencing Act was intended to reduce the disparities between the penalties for offenses involving crack cocaine and offenses involving powder cocaine.[4]    In pertinent part, the Fair Sentencing Act "altered the threshold drug quantities that trigger the varying penalty ranges[5] for crack cocaine offenses located in 21 U.S.C. § 841(b)(1)." *United States v. Holloway*, 956 F.3d 660, 662 (2d Cir. 2020).    As will be discussed further below, the Fair Sentencing Act would not have affected Defendant's sentence.    In any event, the Fair Sentencing Act "only applied prospectively, as well as to offenses committed before the Act's enactment if the defendant had not yet been sentenced," "[b]ut it did not apply retroactively to defendants, like [Defendant] who had been sentenced before the Act became effective." *United States v. Holloway*, 956 F.3d at

---

("While the Second Circuit has not determined whether *Begay* applies retroactively, several other circuits have found that Begay and a subsequent ACCA case, *Chambers v. United States*, 555 U.S. 122 (2009), apply retroactively. However, even if *Begay* applies retroactively, and provided Jones with a right to relief, the statute of limitations for filing would still have expired on April 16, 2009, a year after the Supreme Court's decision. Jones' Petition, filed on September 24, 2012, was filed well outside this period.") (citations omitted).

[4]  *See, United States v. Johnson*, 961 F.3d 181, 184 (2d Cir. 2020) ("The Fair Sentencing Act marked the culmination of a decades-long effort to address what had been a 100-to-1 disparity between the amounts of crack and powder cocaine required to trigger the mandatory statutory penalties in 21 U.S.C. § 841(b)(1). *See Dorsey v. United States*, 567 U.S. 260, 266-70, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). As relevant here, Section 2 of the Fair Sentencing Act increased the threshold quantities of crack cocaine required to trigger each of Section 841(b)(1)'s mandatory statutory penalty ranges. See Fair Sentencing Act § 2(a), 124 Stat. at 2372.").

[5]  Defendant states that: ", "Relevant to this case, the Fair Sentencing Act altered Section 841(b) as follows: • Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of crack cocaine;"

662.   Accordingly, even assuming *arguendo* that the Fair Sentencing Act would have benefited Defendant, he was not eligible for relief thereunder.

On July 23, 2018, the Second Circuit decided *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018) ("*Townsend*").   In *Townsend*, the Circuit Court held that a conviction for Criminal Sale of a Controlled Substance in the Fifth Degree in violation of New York Penal Law § 220.31 "does not qualify as a predicate 'controlled substance offense,'" and "therefore cannot be a predicate offense for an enhanced sentence under U.S.S.G. § 2K2.1(a)." *United States v. Townsend*, 897 F.3d at 7.   However, *Townsend*'s ruling did not apply retroactively to persons such as Defendant who were already sentenced.[6]

"On December 21, 2018, President Trump signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194," which the Second Circuit has described as "Congress's latest effort to address the longstanding disparity in federal statutory penalties for crack and powder cocaine offenses." *United States v. Johnson*, 961 F.3d at 182, 185. (2d Cir. 2020).   Relevant to this action, Section 404 of the First Step Act "addressed the retroactive application of the Fair Sentencing Act's reforms." *United States v. Johnson*, 961 F.3d 181, 185 (2d Cir. 2020).   More specifically,

> Section 404 of the First Step Act authorizes district courts to reduce sentences they previously imposed for a "covered offense," which the

---

[6] *See, Fleury v. United States*, No. 00CR076 (DLC), 2019 WL 6124486, at *2 (S.D.N.Y. Nov. 19, 2019)(" As the Government correctly points out, however, *Townsend* cannot be considered, as it does not assert a new rule of constitutional law and it has not been made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(h)(2).").

statute defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010.

*United States v. Johnson*, 961 F.3d at 183.

On April 8, 2020, Defendant, represented by the Office of the Federal Public Defender for the Western District of New York, filed the subject motion for a sentence reduction under Section 404 of the First Step Act.   In that regard Defendant contends that the sentence imposed for his conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) is a "covered offense," since it is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010."   Defendant requests a full (plenary) resentencing, and maintains that if he is resentenced under the law as it exists now, he will no longer be classified as a career offender, since his convictions for Reckless Endangerment in the First Degree and for Criminal Sale of a Controlled Substance in the Fifth Degree are no longer considered predicate offenses supporting a career offender designation under the Sentencing Guidelines.[7]

In support of his motion, Defendant asserts that, "The Fair Sentencing Act of 2010 reduced the penalty structure for all 841(a)(1) offenses and would have applied to Mr. Jennings' crack-cocaine conviction had that Act been in effect at the time of his original

_____

[7] *See*, Defendant's Motion (ECF No. 125) at p. 3, n. 1 (Arguing why, if Defendant were sentenced today, he would not be classified as a career offender).

sentencing.   Accordingly, the Court is now authorized to impose a reduced sentence under Section 404."   Notably, though, Defendant does not allege that the Fair Sentencing Act itself, as made retroactive by the First Step Act, would change his sentence in any way.[8]   Rather, if Section 404 of the First Step Act applies to Defendant, it will merely provide a procedural device for him to obtain a new sentencing, and thereby receive the benefit of the rulings in *Begay*, *Gray* and *Townsend*, issued after his original sentencing, which had nothing to do with the Fair Sentencing Act.

Defendant admits that there is disagreement among federal circuit and district courts as to whether a sentence imposed "under §841(b)(1)(C) [is] for a 'covered offense' under Section 404."[9]

Defendant also appears to concede that he may not be entitled to a full resentencing even if his conviction qualifies as a "covered offense" under Section 404 of the First Step Act, but nevertheless asserts that, "[e]ven without a full resentencing, this Court may consider the fact that Mr. Jennings is not a career offender upon review and consideration of the §3553(a) factors."[10] If he is resentenced, Defendant requests a

---

[8]  According to Defendant, "With §§ 2 and 3 of the FSA, Congress "modified" the "statutory penalties" for all "Federal criminal statutes" that apply to crack offenses. It did so in § 2(a), not by changing any statutory maximum or minimum, but by increasing the drug weights covered by each of the penalty provisions in § 841(b)(1), including § 841(b)(1)(C)."ECF No 125 at p. 7.   This change in "drug weights" had no effect on Defendant, who remained in the lowest drug weight category.

[9]  ECF No. 125 at p. 8.

[10]  ECF No. 125 at p. 11.   Defendant notes, *inter alia*, that he has received positive evaluations from his supervisors in the Unicor correctional program.

sentence of "time served," based on the 14.5 years that he has been in custody.[11]

On June 5, 2020, after Defendant filed his motion, the Second Circuit issued its decision in *United States v. Johnson*, 961 F.3d 181 (2d Cir. 2020), which, as discussed further below, interprets the term "covered offense" in Section 404 of the First Step Act.

On June 15, 2020, the Government filed its opposition to Defendant's motion, arguing that he "is ineligible for such relief," since the Fair Sentencing Act "did not modify the penalties for offenses under § 841(b)(1)(C)."[12]   In this regard, the Government asserts that the Second Circuit has recently "made clear that it is the sentencing provision of § 841(b)(1) applicable to an offense that determines whether it is a covered offense under the First Step Act."[13]   In particular, citing the Second Circuit's rulings in *U.S. v. Johnson*, cited earlier, and *United States v. Holloway*, 956 F.3d 660, 664-65 (2d Cir. 2020), the Government further states:

> [I]t is clear that the Second Circuit considers eligibility for relief under the First Step Act as dependent on sentence being imposed pursuant to either 21 U.S.C. § 841(b)(1)(A) or § 841(b)(1)(B). Indeed, the overwhelming weight of authority on this issue is consistent with the position that defendants sentenced pursuant to § 841(b)(1)(C) are ineligible for First Step Act relief[.]   In sum, as the defendant was not sentenced pursuant to either 21 U.S.C. § 841(b)(1)(A) or § 841(b)(1)(B), he is ineligible for relief under the First Step Act.

ECF No. 128 at pp. 5-6 (numerous citations omitted).   The Government rests on this threshold eligibility argument, and does not indicate what, if anything, this Court should

---

[11] ECF No. 125 at pp. 11-13.

[12] ECF No. 128 at pp. 2, 3.

[13] ECF No. 128 at p. 4.

do if it finds that Defendant is eligible for relief under Section 404 of the First Step Act.

The Court has carefully considered the record and the parties' submissions.

DISCUSSION

Resolution of Defendant's motion turns upon the meaning of the pertinent statement from the First Step Act:

> In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ..., that was committed before August 3, 2010.

*United States v. Johnson*, 961 F.3d at 185 (quoting First Step Act § 404(a)).    Defendant, relying primarily upon the First Circuit's ruling in *United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020), interprets that statutory language quite broadly, to apply to any conviction under § 841(a)(1), since "[t]he Fair Sentencing Act of 2010 reduced the *penalty structure* for all 841(a)(1) offenses." *See*, Def. Motion (ECF No. 125) at p. 3 (emphasis added).    In this regard, Defendant argues that even though the Fair Sentencing Act had no effect on the statute under which he was sentenced, § 841(b)(1)(C), his conviction is nevertheless a "covered offense" since the Fair Sentencing Act "modified" § 841(a) generally.

However, the Court disagrees, since Defendant's argument is contrary to the reasoning applied by the Second Circuit in *Johnson*, decided after Defendant filed his motion.    In *Johnson*, the Second Circuit looked to the particular section under which the defendant was sentenced in order to determine whether his conviction was a "covered offense" under the First Step Act:

9

Davis was convicted of and sentenced for violating Sections 846, 841(a)(1), and 841(b)(1)(A)(iii) of Title 21 of the United States Code. *Section 2 of the Fair Sentencing Act modified the statutory penalties associated with a violation of those provisions by increasing Section 841(b)(1)(A)(iii)'s quantity threshold from 50 to 280 grams. Section 2 thus modified — in the past tense — the penalties for Davis's statutory offense, even though Davis was sentenced too early to benefit from the change.* We therefore hold that Davis was sentenced for a "covered offense" within the meaning of Section 404(a).

*United States v. Johnson*, 961 F.3d at 190–91 (emphasis added, footnote omitted). If Defendant's reasoning was correct, then the Second Circuit would not have needed to mention § 841(b)(1)(A)(iii).

Indeed, the Court in *Johnson* went on to reject more explicitly the idea, asserted by Defendant here, that "any defendant sentenced for violating Section 841(a)" is eligible for relief under § 404:

The government argues that, if Section 404 eligibility turns on whether a defendant was sentenced for violating a certain type of "Federal criminal statute," that would lead to the improbably broad result that any defendant sentenced for violating Section 841(a), or even the Controlled Substances Act, would be eligible, because those could be understood as "statutes" whose penalties were modified by Section 2 and 3 of the Fair Sentencing Act. *But we think that Section 2 of the Fair Sentencing Act modified the statutory penalties for 21 U.S.C. § 841(b)(1)(A)(iii), and that Davis is therefore eligible because he was sentenced for a violation of that statute.* That conclusion is consistent with the way courts describe the statutory offenses in this context, *see, e.g., Bailey v. United States*, 568 U.S. 186, 191, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013) ("Bailey was charged with ... possession of [crack] cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) ...."); *United States v. Lee*, 523 F.3d 104, 105 (2d Cir. 2008) ("Lee pleaded guilty ... to one count of possession with intent to distribute fifty grams or more of cocaine base ('crack') in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii)."), and indeed, with Davis's

> own indictment, which characterized his crack cocaine conspiracy charge
> as a "violation of Title 21, United States Code, Sections 841(a)(1) ... and
> 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846."
> App'x 68.

*United States v. Johnson*, 961 F.3d at 190, n. 6 (emphasis added).

By contrast, the Fair Sentencing Act did *not* modify the penalties for § 841(b)(1)(C), under which Defendant was sentenced.[14]   Consequently, Defendant is not eligible for relief under Section 404 of the First Step Act. *See, United States v. Birt*, No. 19-3820, 2020 WL 4045895, at *5 (3d Cir. July 20, 2020) ("The only question that remains is whether § 841(b)(1)(C) was modified by the Fair Sentencing Act and thus, in conjunction with § 841(a)(1), qualifies as a "covered offense" under the First Step Act. The answer is it was not modified and so does not qualify.") (footnote omitted); *see also, United States v. Hunter*, No. 3:05CR54 (JBA), 2019 WL 1220311, at *2 (D. Conn. Mar. 15, 2019) ("Both before and after the passage of the Fair Sentencing Act of 2010, a criminal defendant convicted of violating § 841(b)(1)(C) with respect to *any* unspecified quantity of a Schedule I or II controlled substance would be subject under the provision to a statutory range of 0 to 20 years of imprisonment. Accordingly, the Court concludes that the Fair Sentencing Act did not modify the statutory penalties for a violation of § 841(b)(1)(C), and by extension determines that Mr. Hunter's crime of conviction is not a covered offense under the First Step Act.") (emphasis in original); *United States v. Young*, No. 06 CR 495

---

[14] Under either version of the law, the statutory maximum for someone whose offense involved less than 5 grams of crack cocaine remained the same, as did the potential increased penalties where an 851 Information was filed.

(RMB), 2019 WL 6724332, at *1 (S.D.N.Y. Dec. 11, 2019) ("Count Two, which is a violation of 21 U.S.C. § 841(b)(1)(C), is by contrast to Count One, not a covered offense. The Court is unable to perceive a basis for a resentencing with respect to Count Two under the Fair Sentencing Act. *See, e.g., United States v. Martinez*, 777 F.App'x. 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, [defendant's] crime of conviction is not a 'covered offense' under the Act.")," *appeal dismissed sub nom. United States of Am., Appellee-Cross-Appellant, v. Dorian Harris, Defendant, Shawn Young, AKA Black, Defendant-Appellant-Cross-Appellee.*, No. 194198L20116XAP, 2020 WL 3958163 (2d Cir. July 2, 2020).

## CONCLUSION

For the reasons discussed above Defendant's application for relief under Section 404 of the First Step Act (ECF No. 125) is denied.

So Ordered.

Dated:      Rochester, New York
            July 31, 2020

ENTER:

CHARLES J. SIRAGUSA
United States District Judge