UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES of AMERICA,

-vs-

JERMAINE JENNINGS,
                      Defendant.

_____

DECISION and ORDER

05-CR-6128 CJS

## INTRODUCTION

Now before the Court are four motions by Jermaine Jennings ("Defendant"): 1) a motion for appointment of counsel, ECF No. 141; 2) a motion for a "compassionate release" sentence reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. 142; 3) a motion to supplement the compassionate release motion, ECF No. 153; and 4) a motion to compel judgment, ECF No. 154. For the reasons set forth below, the motion to supplement the compassionate release motion is granted, and the remaining applications are denied.

## BACKGROUND

The reader is presumed familiar with the facts and history of this action, and with the Court's prior post-conviction rulings in this case.

> [D]efendant was convicted by a jury of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). On the drug possession charge the Court sentenced him to 300 months of incarceration, and on the ammunition charge, to 120 months of incarceration to run concurrently, and a fine totaling $2,000, with a mandatory assessment of $200. Amended Judgment in a Criminal Case, Dec. 21, 2007, ECF No. 73. On December 9, 2008, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment in a summary order. *United States v. Jennings*, No. 07–5578–cr (2d Cir. Dec. 9, 2008) (filed in this case as Mandate of USCA, Mar. 25, 2009, ECF No. 86).

*United States v. Jennings*, No. 05-CR-6128-CJS, 2014 WL 2531951, at *1 (W.D.N.Y.

Apr. 29, 2014).

More specifically, on November 20, 2007, the Court sentenced Defendant in accordance with the law in effect at that time. Defendant's violation of § 841(a) involved his possession of 4.02 grams of cocaine base. As this amount was less than 5 grams, 21 U.S.C. § 841(b)(1)(C) provided for a maximum sentence of twenty years.[1] However, because the Government filed an information pursuant to 21 U.S.C. § 851 indicating that Defendant had a prior felony drug conviction (Criminal Sale of a Controlled Substance in the 5th Degree in violation of N.Y. Penal Law § 220.31), the statutory maximum sentence under § 841(b)(1)(C) increased to thirty years.[2]

Under the advisory Sentencing Guidelines in effect at that same time, for Defendant's conviction under 21 U.S.C. §§ 841(a) & 841(b)(1)(C) his sentencing range was 262 months to 327 months. In that regard, Defendant's base offense level was 24, but two points were added for obstruction of justice,[3] bringing that number to 26. Further, because Defendant had previously been convicted of two crimes of violence (Armed Robbery and Assault by Means of a Dangerous Weapon in violation of Massachusetts Law and Reckless Endangerment in the First Degree, a felony, in violation of New York Penal Law § 120.25), he was a "career offender" under Guidelines § 4B1.1.B and his offense level increased to 34. As for Defendant's conviction of possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), his adjusted offense level was 28. However, grouping the two offenses under Guidelines § 3D1.3(a)

---

[1] Def. Motion, ECF No. 125 at p. 4 ("Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine;").
[2] Def. Motion, ECF No. 125 at p. 4 ("In addition, 21 U.S.C. § 851 permitted a doubling of the mandatory minimum and an increase in the statutory maximums for offenders who had a prior felony drug offense, specifically, increasing the ranges as follows when notice of a qualifying prior conviction was filed in advance of trial or plea: • Section 841(b)(1)(C) increased the statutory maximum of 20 years to 30 years;").
[3] Defendant convinced his girlfriend to lie to authorities to indicate that Defendant possessed the drugs for his personal use.

resulted in an offense level of 34. Defendant's criminal history category was VI, which, along with his offense level of 34, resulted in a sentencing range of 262 months to 327 months. As already mentioned, the Court imposed a sentence of 300 months' imprisonment.

The year after Defendant was sentenced, the United States Court of Appeals for the Second Circuit decided *United States v. Gray*, 535 F.3d 128 (2d Cir. 2008) ("*Gray*"). In *Gray*, the Second Circuit held, based upon the U.S. Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008) ("*Begay*"), that "reckless endangerment does not fall within the definition of "crime of violence" because it does not involve purposeful conduct as required by [U.S. Sentencing Guidelines] § 4B1.2(a)(2)." *Gray*, 535 F.3d at 129. Regardless of whether Defendant could have attempted to collaterally attack his sentence based on the rulings in *Gray* and *Begay*, he apparently did not do so.[4]

Subsequently, in 2010, the Fair Sentencing Act of 2010 became law. As Defendant acknowledges, the Fair Sentencing Act was intended to reduce the disparities between the penalties for offenses involving crack cocaine and offenses involving powder cocaine.[5] In pertinent part, the Fair Sentencing Act "altered the threshold drug quantities that trigger the varying penalty ranges[6] for crack cocaine

---

[4] *See, Jones v. United States*, No. 3:12-CV-01371 JCH, 2015 WL 3620280, at *3 (D. Conn. June 9, 2015) ("While the Second Circuit has not determined whether *Begay* applies retroactively, several other circuits have found that Begay and a subsequent ACCA case, *Chambers v. United States*, 555 U.S. 122 (2009), apply retroactively. However, even if *Begay* applies retroactively, and provided Jones with a right to relief, the statute of limitations for filing would still have expired on April 16, 2009, a year after the Supreme Court's decision. Jones' Petition, filed on September 24, 2012, was filed well outside this period.") (citations omitted).

[5] *See, United States v. Johnson*, 961 F.3d 181, 184 (2d Cir. 2020) ("The Fair Sentencing Act marked the culmination of a decades-long effort to address what had been a 100-to-1 disparity between the amounts of crack and powder cocaine required to trigger the mandatory statutory penalties in 21 U.S.C. § 841(b)(1). *See Dorsey v. United States*, 567 U.S. 260, 266-70, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). As relevant here, Section 2 of the Fair Sentencing Act increased the threshold quantities of crack cocaine required to trigger each of Section 841(b)(1)'s mandatory statutory penalty ranges. See Fair Sentencing Act § 2(a), 124 Stat. at 2372.").

[6] Defendant states that: "Relevant to this case, the Fair Sentencing Act altered Section 841(b) as follows: • Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved

3

offenses located in 21 U.S.C. § 841(b)(1)." *United States v. Holloway*, 956 F.3d 660, 662 (2d Cir. 2020). Even assuming that the Fair Sentencing Act was applicable, it would not have affected Defendant's sentence. In any event, the Fair Sentencing Act "only applied prospectively, as well as to offenses committed before the Act's enactment if the defendant had not yet been sentenced," "[b]ut it did not apply retroactively to defendants, like [Defendant] who had been sentenced before the Act became effective." *United States v. Holloway*, 956 F.3d at 662. Accordingly, even assuming *arguendo* that the Fair Sentencing Act would have benefited Defendant, he was not eligible for relief thereunder.

On July 23, 2018, the Second Circuit decided *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018) ("*Townsend*"). In *Townsend*, the Circuit Court held that a conviction for Criminal Sale of a Controlled Substance in the Fifth Degree in violation of New York Penal Law § 220.31 "does not qualify as a predicate 'controlled substance offense,'" and "therefore cannot be a predicate offense for an enhanced sentence under U.S.S.G. § 2K2.1(a)." *United States v. Townsend*, 897 F.3d at 7. However, *Townsend*'s ruling did not apply retroactively to persons such as Defendant who were already sentenced.[7]

On August 13, 2018, Defendant filed a motion, ECF No. 120, to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which, on September 19, 2019, the Court denied. *See*, ECF No. 124.

On April 8, 2020, Defendant filed a motion, ECF No. 125, to reduce his sentence

---

less than 28 grams or an unspecified amount of crack cocaine;"
  [7] *See, Fleury v. United States*, No. 00CR076 (DLC), 2019 WL 6124486, at *2 (S.D.N.Y. Nov. 19, 2019)(" As the Government correctly points out, however, *Townsend* cannot be considered, as it does not assert a new rule of constitutional law and it has not been made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(h)(2).").

pursuant to Section 404 of the First Step Act, which, on July 31, 2020, the Court denied. *See*, ECF No. 129.

On January 4, 2021, Defendant filed a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 134, which, on April 21, 2021, the Court denied. *See*, ECF No. 138.  Notably, Defendant's motion for compassionate release argued that he had serious health problems, consisting of hypertension, status post-thyroidectomy, sickle cell trait, depression, shoulder pain, glaucoma, and dental problems, which placed him at greater risk for contracting Covid-19 at Schuylkill FCI, where he was housed.  The Court found that Defendant had not shown extraordinary and compelling reasons to reduce his sentence, and that the Section 3553(a) factors did not weigh in his favor in any event. *See*, ECF No. 138 ("Defendant has not shown extraordinary and compelling reasons to reduce his sentence. *See United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020) (finding the district court is not constrained by Guideline 1B1.13, Application Note 1(D)). Additionally, a sentence reduction in Defendant's case would not comport with the Section 3553(a) factors.").

On November 18, 2021, the United States Court of Appeals for the Second Circuit affirmed this Court's denial of Defendant's application under Section 404 of the First Step Act. *See*, Second Circuit Mandate, ECF No. 140 ("In June 2021, the United States Supreme Court held that, because the Fair Sentencing Act did not modify the statutory penalties for convictions under 21 U.S.C. §§ 841(a) and(b)(1)(C), such convictions are not covered offenses and therefore persons convicted of those offenses are ineligible for First Step Act relief. *See Terry v. United States*, 141 S. Ct. 1858, 1862–63 (2021).").

On June 9, 2022, Defendant filed the subject motion for appointment of counsel and the subject motion for compassionate release, his second. The Court subsequently issued a text order (ECF No. 143) setting a briefing schedule and directing the Office of the Federal Public Defender to review Defendant's application and, if appropriate, to submit supplemental briefing on his behalf.[8]

On November 4, 2022, the Federal Public Defender submitted a supplemental memorandum of law in support of Defendant's application. *See*, ECF No. 149.

On November 21, 2022, the Government submitted its opposition to Defendant's motion. *See*, ECF No. 151.

On November 29, 2022, the Federal Public Defender submitted a reply on Defendant's behalf. *See*, ECF No. 152.

On March 20, 2023, Defendant filed a *pro se* motion to supplement his application. See, ECF No. 153. And finally, on June 5, 2023, Defendant filed a *pro se* motion to compel this Court to issue a ruling on his application. *See*, ECF No. 154.

## DISCUSSION

As a preliminary matter, Defendant's application for appointment of counsel (ECF No. 141) is denied as unnecessary, since the Federal Public Defender has already reviewed and supplemented Defendant's application. Defendant's *pro se* motion to compel a decision by this Court (ECF No. 154) is also denied, as being unnecessary and as lacking legal merit.

Defendant's *pro se* motion to supplement his compassionate release motion (ECF No. 153) is granted. In that regard, the Court has considered the legal argument

---

[8] The Court issued a similar text order after Defendant filed his first motion for compassionate release, and the Federal Public Defender declined to submit additional briefing on Defendant's behalf.

6

contained therein, which essentially cites recently-decided caselaw for the proposition that the Court may consider non-retroactive changes to the sentencing laws that have occurred since Defendant's sentencing when deciding his compassionate release motion. Although the caselaw Defendant cites pertains specifically to motions under the First Step Act, some courts have construed it as also pertaining to motions for compassionate release.[9]

However, the Court declines to grant Defendant's motion for a sentence reduction. In that regard, the Court observes, preliminarily, that the motion is largely reiterative of Defendant's first motion for compassionate release, ECF No. 134, which argued that compassionate release was warranted based on his age, medical conditions, and dangers from Covid-19 at FCI Schuylkill.[10] The instant motion expands on those points, and further argues that conditions at Schuylkill during the past three years, due to Covid-19 restrictions, have been significantly more difficult to endure than before the Pandemic, and therefore constitute an additional extraordinary and compelling reason to grant his motion.

Defendant also cites his age (45), the length of time that he has already served (17 years), and his clean disciplinary record, as grounds for the Court to grant his

---

[9] *See, e.g., United States v. Gigliotti*, No. 15 CR 204 (RJD), 2023 WL 5522105, at *2 (E.D.N.Y. Aug. 18, 2023) ("The government clings to its usual position that non-retroactive changes in sentencing law are categorically ineligible for consideration for compassionate release purposes. As I have previously discussed, however, the Congressional decision not to make a sentencing change retroactive, while sparing courts the avalanche of applications and re-sentencings, does not act as a *per se* bar to considering the effect of that change, in an individual defendant's case, as part of the "extraordinary and compelling" equation for § 3582(c)(1)(A)(i) purposes. *See United States v. Kevin Haynes*, 456 F.Supp.3d 496, 516 (E.D.N.Y. 2020) (collecting authorities so holding). Indeed, although the Second Circuit has not squarely held, as have some other Circuits, that a non-retroactive change in the law may be considered for compassionate release purposes, I read the Second Circuit's "full slate" standard (announced in *Brooker* only several months after I issued *Haynes*) as encompassing such legislative events. *See also Concepcion v. United States* —— U.S. ——, 142 S. Ct. 2389, 2403, 2402, 213 L.Ed.2d 731 (2022) ("the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act," recognizing that subsequently updated laws are "evidence of society's judgment of the seriousness of an offense") (cleaned up); *see also, id*. at n. 3 ("Mindful that *Concepcion* involved motions under Section 404 rather than the First Step Act generally, I find that the principles it announces about resentencing plainly echo those emphasized by the Second Circuit in *Brooker* when discussing a district court's sentencing discretion under the compassionate release statute.").

motion. *See*, ECF No. 142 at p. 2 ("He has served approximately 75% of the total sentence imposed by this Court for a drug offense.  His prison disciplinary record and release plans are exemplary.").  Defendant contends that his age and the passage of time since he committed the instant offenses make it less likely that he will commit additional crimes if released. *Id*. at p. 26 ("Mr. Jennings is older and wiser and naturally aging out of crime.").

Defendant further asserts that due to changes in the law since his sentencing, he would not today be considered a career offender under the sentencing guidelines, since two of his three prior convictions no longer qualify as predicate offenses.  *See*, ECF No. 142 at p. 21 ("Mr. Jenning's three prior convictions for 'crime of violence' and 'controlled substance' offenses, which at the time of sentencing qualified for sentencing under the Career Offender guideline, U.S.S.G. Section 4B1.1 would not qualify today, because, as shown above, *two of the offenses* do not qualify as predicates for career offender status.") (emphasis added) (He admits that his third prior conviction, for armed robbery, is still treated as a crime of violence).  According to Defendant, if he was "sentenced today, he would not qualify as a career offender and his base offense level would be 24, combined with a criminal history category of VI, would result in an applicable guidelines range of 100-125 months imprisonment." *Id*. at p. 22.

Lastly, Defendant indicates that he has "maintained positive relationships with family members and friends who support his rehabilitation and look forward to assisting him in securing gainful legal employment upon his release."[11]  As evidence of this, Defendant has submitted various letters from family members.

---

[10] *See*, ECF No. 142 at pp. 9-15.
[11] ECF No. 142 at p. 5.

The Government opposes the application. In that regard, the Government acknowledges that the Court is free to consider "the full slate of extraordinary and compelling reasons" that Defendant could raise, and that a decision on Defendant's motion is committed to the sound discretion of the Court. *See*, ECF No. 151 at pp. 4-5 (Pointing out, however, that prior to reducing a defendant's sentence a court must still consider the Section 3553(a) factors). However, the Government contends that Defendant has not met his burden of demonstrating truly extraordinary and compelling reasons, and alternatively, that "the section 3553(a) sentencing factors show that the defendant must not be released early from prison." The Government maintains, for example, that neither Defendant's efforts at rehabilitation nor the changes in the sentencing guidelines are so extraordinary and compelling as to warrant relief. Alternatively, the Government asserts that Defendant "has presented this Court with no facts that there has been a material change in circumstances, either legally or factually, which would mitigate or otherwise alter the Section 3553(a) determinations previously made by this Court," and that "any change in the sentence imposed, where no grounds truly exist to alter it, would seriously undermine the fairness and purpose of the original prison sentence." *Id*. at p. 10.

The Government does not argue that the Court is prohibited from finding that any of the circumstances presented by Defendant's motion could amount to extraordinary and compelling reasons to grant his motion, and the Court is fully aware that it is free to consider "the full slate of extraordinary and compelling reasons that [Defendant] might bring before [it]." *United States v. Santiago*, No. 22-662, 2023 WL 3081697, at *2 (2d Cir. Apr. 26, 2023) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

Nevertheless, the Court does not find the particular circumstances set forth in Defendant's motion to be truly extraordinary or compelling reasons to reduce his sentence.

For example, the Court finds that Defendant's statements about his situation at Schuylkill do not establish extraordinary and compelling reasons to reduce his sentence. On that point, the Court notes that Defendant has received the Covid-19 vaccine, and has already been infected and recovered without any apparent significant complications from his underlying health conditions. Additionally, while Defendant's clean disciplinary record[12] is admirable, he is already receiving good-time credit off his sentence to reward his behavior. Moreover, the fact that Defendant would not be treated as a career offender if sentenced today does not, even when combined with his other circumstances, convince this Court that a sentence reduction is warranted in his case. *See, United States v. Marrero*, No. 11-CR-568 (PKC), 2020 WL 7079483, at *3 (S.D.N.Y. Dec. 3, 2020) ("A likelihood or even certainty that the defendant would receive a lower sentence if sentenced today is not, standing alone, an extraordinary and compelling reason for a sentence reduction. The Court considers Marrero's argument that his sentence would have been lower if he were sentenced today in the context of the overall mix of information presented on his motion.") (footnote omitted).

The Court also again finds, as it did when denying Defendant's first motion for compassionate release, that the Section 3553(a) factors do not weigh in favor of reducing his sentence. In that regard, when sentencing Defendant for the subject convictions, the Court discussed the seriousness of the crimes, as well as Defendant's

---

[12] Defendant points to his lack of any disciplinary infractions, his work history with UNICOR, and his completion of various prison programs and educational courses.

10

lengthy prior criminal record and his repeated failures while on probation and parole.[13] The Court also discussed Defendant's obstruction of justice in the instant case. The sentence that the Court imposed reflected, *inter alia*, the need to protect the public from further crimes by Defendant. The Court continues to believe that the sentence it imposed was reasonable and appropriate. Consequently, even if Defendant could establish extraordinary and compelling circumstances, the § 3553(a) factors do not weigh in his favor.

In sum, the Court finds that nothing in Defendant's submissions approaches "extraordinary and compelling reasons" to reduce his sentence, and that a sentence reduction in his case would not comport with the Section 3553(a) factors, especially 3553(a)(1), (2) & (6).

## CONCLUSION

Defendant's motion to supplement (ECF No. 153) is granted, and his remaining motions (ECF Nos. 141, 142, 154), including his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), are denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies,

---

[13] According to the Court's notes, it stated, in sum and substance: "The instant offense represents your ninth criminal conviction. On May 26, 1994, you pled guilty to Unlawful Possession of Marijuana, a violation, and were sentenced to 1 year Conditional Discharge. On October 3, 1994, you pled guilty to Criminal Possession of a Controlled Substance 7th, a misdemeanor, and were adjudicated a Youthful Offender and sentenced to 3 years probation. On August 3, 1995, your probation was revoked due to a technical violation. On November 10, 1994, you pled guilty to Criminal Sale of a Controlled Substance 5th, a felony, and were sentenced to 4 months jail and 5 years probation. On August 3, 1995, the probation was revoked due to a technical violation. You were paroled again on July 15, 1996 which was later revoked on January 23, 1997. You were again paroled on August 1, 1997 which was again revoked on August 22, 2000. Probation the expired on September 26, 2000. On November 25, 1996, you pled guilty to Forgery 3rd, a misdemeanor, and were sentenced to 60 days jail. On January 21, 1999, you were sentenced to 2 years, 6 months prison for your conviction of Armed Robbery and Assault by Means of Dangerous Weapon. On May 23, 2002, you pled guilty to Disorderly Conduct, a violation, and were sentenced to 3 work weekends jail. On August 8, 2003, you pled guilty to Criminal Possession of a Controlled Substance 7th, a misdemeanor, and were sentenced to 3 years probation and 6 months license suspension. On June 22, 2004, you violated probation and were resentenced to 30 days jail and restored to probation which was later discharged on June 6, 2005. On July 30, 2004, you pled guilty to Reckess Endangerment 1st, a felony , and were sentenced to 2 to 4 years parole supervision and then released on December 21, 2004.").

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

Dated: Rochester, New York
      October 10, 2023

                      ENTER:

                        CHARLES J. SIRAGUSA
                        United States District Judge